# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | |
|---|---|
| GLORIA A. RIVERA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:08-CV-075-C |
| § | ECF |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | Referred to United States |
| Defendant. § | Magistrate Judge |

## REPORT AND RECOMMENDATION

**THIS CASE** is before the court upon Plaintiff's complaint filed November 3, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. On November 4, 2008, the United States district judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States magistrate judge for all further proceedings. Plaintiff filed a brief in support of her complaint on June 12, 2009, Defendant filed a brief on July 13, 2009, and Plaintiff filed her reply on August 12, 2009. This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge reverse the Commissioner's decision and remand this case for further administrative proceedings.

### I. STATEMENT OF THE CASE

Plaintiff filed applications for disability insurance benefits on September 13, 2006, and protectively for SSI benefits on March 2, 2007, alleging disability beginning January 7, 2006. Tr.

9. Plaintiff's applications were denied initially and upon reconsideration. Tr. 9, 46-50, 56-61. Plaintiff filed a Request for Hearing by Administrative Law Judge on July 19, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on April 15, 2008. Tr. 9, 20-42, 62. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 23-33. A witness, Melissa Rene Rivera, also testified. Tr. 33-39. Todd M. Harden, a vocational expert ("VE"), appeared and testified as well. Tr. 39-41. The ALJ issued a decision unfavorable to Plaintiff on May 29, 2008. Tr. 6-19.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements through December 31, 2007, and that Plaintiff had not engaged in substantial gainful activity at any time since January 7, 2006. Tr. 9, 11. Plaintiff has "severe" impairments, including chronic back pain, knee pain, depression/anxiety, and migraine headaches. *Id*. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 15.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 16.

The ALJ found that Plaintiff could not return to her past relevant work as a cake decorator,

child care worker, housekeeper/cleaner, or a retail salesperson. Tr. 17. He noted that Plaintiff was considered a "younger individual" with a limited education. 20 C.F.R. §§ 416.963, 416.964; Tr. 17.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of sedentary work activity, with the following limitations: Plaintiff can lift/carry 10 pounds occasionally and less than 10 pounds frequently; she is able to stand/walk for at least 2 hours in an 8-hour workday and sit for about 6 hours; she must periodically alternate sitting and standing to relieve pain or discomfort; she is able to climb stairs but can never climb ramps, ladders, ropes, or scaffolds; she cannot balance; she is able to occasionally kneel, crouch, crawl, and stoop; she must avoid exposure to hazardous moving machinery or work at unprotected heights; she is able to understand, remember, and carry out detailed instructions and make judgments on detailed work-related decisions. Tr. 14-15. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 18. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of appointment clerk, with 2,800 jobs in Texas and 34,000 jobs nationally; check cashier, with 4,000 jobs in Texas and 50,000 jobs nationally; and telephone solicitor, with 8,000 jobs in Texas and 100,000 jobs nationally. *Id*. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 18-19.

Plaintiff submitted a Request for Review of Hearing Decision/Order on June 19, 2008. Tr. 5. The Appeals Council denied Plaintiff's request and issued its opinion on August 29, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review,

it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-3. The ALJ's decision, therefore, became the final decision of the Commissioner.

On November 3, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.  STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271;

*Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy.  Tr. 18-19.

### III.  DISCUSSION

Plaintiff claims that the Commissioner failed to carry the burden at step 5 of the sequential evaluation process because the ALJ erred by relying upon the testimony of the VE regarding semi-skilled jobs, where no finding regarding transferrable skills was made.  The ultimate issue is whether the ALJ's decision is supported by substantial evidence.  The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The claimant bears the burden of proof on the first four steps, and then the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy.  *Masterson*, 309 F.3d at 272; *Newton*, 209 F.3d at 453.  Once the Commissioner makes this showing, the burden shifts back to the claimant at the step 5 finding. *Newton*, 209 F.3d at 453. The ALJ supported his determination at step 5 by relying upon the testimony of the VE.

In this case the VE testified that a person with Plaintiff's vocational history and the RFC described in the hypothetical question posed by the ALJ could perform the jobs of appointment clerk, check cashier, and telephone solicitor.  Tr. 40.  He testified that such jobs were "semi-skilled but they're entry level [;] they don't require previous work experience in . . . the field to be hired into that job." *Id.*  The ALJ found in his opinion that transferability of skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled, whether or not the claimant has transferable job skills. Tr. 17.

Where a claimant cannot perform the full range of a specific level of work activity or has significant nonexertional impairments, the ALJ may not mechanically apply the Grids, although they may be used as a framework. Application of the Grids is appropriate "when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity." *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999). The ALJ should make an individualized determination of the claimant's ability to perform specific jobs in the national economy where there are nonexertional limitations. *Carry v. Heckler*, 750 F.2d 479, 483 (5th Cir. 1985) (citing *Parris v. Heckler*, 733 F.2d 324, 326 (4th Cir.1984)). In this case the ALJ found that Plaintiff could perform a limited range of sedentary level work. Tr. 14. Therefore, mechanical application of the Grids was not appropriate in this case.

Rather than mechanically applying the Grids, the ALJ relied upon the testimony of the VE. A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170. The ALJ relied upon the testimony of the VE in finding that Plaintiff could perform other work which exists in the national economy.

A claimant's work experience encompasses the skills and abilities acquired through work done in the past, which shows the type of work a claimant may be expected to do. 20 C.F.R. § 404.1565. Transferable skills are those "that can be used in other jobs, when the skilled or

semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs." 20 CFR § 404.1568(d). If the claimant has acquired skills through his past work, the Commissioner will consider him to still have those skills unless the claimant cannot use them in other skilled or semi-skilled work that he can do now. 20 C.F.R. §§ 404.1565(a), 1568(d); Soc. Sec. Ruling 82-41 (February 26, 1979) ("SSR 82-41"). Transferability of skills is most probable or meaningful with jobs where the same or lesser degree of skill is required because people are not expected to do more complex work than they have previously performed. 20 C.F.R. § 404.1568(d); SSR 82-41. When skills are so specialized or have been acquired in an isolated vocational setting so that they are not readily usable in other work settings, the skills are not transferable. 20 C.F.R. § 404.1568(d)(3) (1986). Further, when a claimant has performed work for a very short period of time and has, due to inability to adapt to that type of work, left that field, this period of employment generally does not qualify as past relevant work for purposes of determining transferable skills. Rather, the attempt is considered an "unsuccessful work effort." 20 C.F.R. § 404.1574(a)(1).

SSR 82-41 provides that "transferability of skills is an issue only when an individual's impairments(s) . . . prevent[s] the performance of past relevant work, and that work has been determined to be skilled or semiskilled." SSR-82-41. The VE testified that Plaintiff's past work as a cake decorator requires a specific vocational preparation ("SVP") of 3 and her past work as a child care worker requires an SVP of 4. Tr. 39. The ALJ noted that these jobs were semi-skilled. Tr. 17. Pursuant to SSR 82-41, transferability of skills thus became an issue in this case. However, the ALJ did not find that Plaintiff had acquired transferable skills, nor did he identify any such skills.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or

definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). This Ruling notes that neither the Dictionary of Occupational Titles ("DOT")[1] nor evidence from a VE "trumps" the other. *Id.* Rather, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *Id.* SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." This ruling also requires the ALJ to ask about any possible conflicts between the testimony of the VE and the information provided in the DOT. *Id.* The Social Security Administration has taken "administrative notice" of the DOT. *See* 20 C.F.R. § 416.966(d)(1). However, the Fifth Circuit has recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (citing *Fields,* 805 F.2d at 1171).

In this case the VE testified that the jobs identified were "semi-skilled" but also indicated that they were "entry level" because they did not require work experience "in the field." Tr. 40. Defendant argues that the ALJ did not err in relying upon such testimony and that a VE may testify how a particular job is actually performed.

However, the record demonstrates that transferability of skills was at issue in this case. Plaintiff's transferable skills were not identified. The VE testified that the jobs identified were semi-skilled, whether or not they required experience in "the field."

The ALJ relied upon such testimony in making his step 5 determination. Such testimony cannot constitute substantial evidence to support the step 5 finding and carry the burden on the

---

[1] *See* United States Dept. of Labor, Employment & Training Admin., *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT").

Commissioner. Therefore, the ALJ's opinion was not supported by substantial evidence. Remand is appropriate for further development of the administrative record including information regarding whether Plaintiff acquired transferable skills from her past work and identification of such skills.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States district judge reverse the Commissioner's decision and remand this case for further proceedings in accordance with this recommendation.

Plaintiff having refused consent to having the United States magistrate judge conduct all further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

-10-

DATED this 11th day of February, 2010.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**